# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**RODNEY ISTRE,**

    Plaintiff,

vs.                         CASE NO. 3:08cv421/RS/EMT

**KEY ENERGY SERVICES, et al.,**

    Defendants.

-----------------------------------------------/

## Order

Before me are Defendant Stewart & Stevenson Power Product's Motion for Summary Judgment (Doc. 36) and Plaintiffs' Opposition to Motion for Summary Judgment Filed by Defendants, Stewart and Stevenson Power Products (Doc. 52).

### I. STANDARD OF REVIEW

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's

evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251).

## II. ANALYSIS

Defendant moves for summary judgment because the drill rig structure which Plaintiff contends was defective or improperly constructed was not made by Defendant. Defendant further points out that it did not manufacture, design, sell, or otherwise place the drill rig into the stream of commerce, or assume the liabilities of Crown Energy, the manufacturer of the drill rig. Defendant contends that this shows it has no liability for either negligence or strict products liability relative to the product in question. However, Plaintiffs state in the Complaint (Doc. 1, ¶ 14):

Defendant installed, operated, and/or owned the substructure beneath the aforesaid land rig, and was negligent in the following respects, but not limitation thereof:

    a. Failing to identify and/or disclose metallurgical deficiencies in the substructure; and/or

    b. Failing to identify and/or disclose insufficiencies in the foundations underneath and surrounding the substructure; and/or

    c. Any and all other acts of negligence to be proven at trial herein.

Defendant's brief and affidavit do not address the Plaintiff's claims for failing to identify and/or disclose metallurgical deficiencies in the substructure and failing to identify and/or disclose insufficiencies in the foundations underneath and surrounding the substructure.  There is a genuine issue of a material fact for the jury to decide.  This motion is premature since Plaintiff has not had a reasonable opportunity to conduct discovery.

## III. CONCLUSION

Defendant Stewart & Stevenson Power Product's Motion for Summary Judgment (Doc. 36) is DENIED.

**ORDERED** on March 11, 2009.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**