IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RODNEY ISTRE,
     Plaintiff,

v.                              Case No. 3:08cv421/RS/EMT

KEY ENERGY SERVICES, et al.,
     Defendants.
_____/

## PROTECTIVE ORDER

Defendant Stewart and Stevenson Power Products ("S & S") has been requested to produce certain documents in this action to Plaintiffs[1] and Co-Defendants Dragon Rig Sales and Service and White Consulting Services.  It is anticipated that similar requests will be forthcoming from other parties to this action.  S & S wishes to expedite and facilitate the production of documents in this matter, including those materials that are trade secret, confidential, proprietary, financially sensitive or commercially sensitive.  It is the stated intent of S & S to protect documents and information reasonably deemed by it to be financially sensitive, commercially sensitive, trade secret, confidential, or proprietary from being used for any purpose other than in the current litigation.  It is also the stated intent of S & S to prevent documents, declarations, testimony, and any other protected information from being reviewed by or disclosed to persons not authorized under this Protective Order.  Therefore, upon motion by S & S (*see* Doc. 100 & Attach.), it is hereby **ORDERED AND ADJUDGED** as follows:

A.  For purposes of this Protective Order, the following words shall have the following meanings:

(1) "Document(s)" means (i) all written, recorded or graphic matter

---

[1]Although only one Plaintiff is listed in the style of this case, several cases have been consolidated for the purpose of discovery (*see* Case Nos. 3:08cv422/RS/MD, 3:08cv423/RS/EMT).  Therefore, the term "Plaintiffs" refers to Rodney Istre, Henry Pascley and Glenwood Alexander.

whatsoever and information produced on computer disks or tapes, including all "writings" as the term is defined in Fla. Stat. § 90.951, and (ii) any copies, reproductions or summaries of the foregoing, including, but not limited to, microfilmed, imaged or electronic copies.

(2) "Protected Document(s)" means Documents responsive to requests for production directed to S & S that it deems financially sensitive, commercially sensitive, trade secret, confidential or propriety that are produced by S & S pursuant to such requests.  S & S shall mark such Protected Documents as "Confidential – Subject to Court Order," or similar marking, before production.

(3) "Protected Material(s)" means all Protected Documents, as well as any Document that includes non-public information contained within a Protected Document, including: disclosures, interrogatories or other discovery responses, and deposition testimony of any party or third person taken in this action, exhibits thereto, or any videos or transcripts thereof, whether in written or computer format, and all contents of the foregoing to the extent Protected Documents are discussed or included therein.  If a Protected Document is used at a deposition, S & S shall have the obligation to ensure that such deposition or related Protected Material is marked as "Confidential – Subject to Court Order," or similar marking, as soon as practicable.  If filing of a Protected Document or Protected Material is deemed necessary by a party hereto, that party shall either mark the filing as "Confidential – Subject to Court Order," or segregate the Protected Document or Protected Material and separately mark it as "Confidential – Subject to Court Order" or similar marking.

(4) "Producing Party" means S & S.

(5) "Disclose" (and any variant thereof) means to show, give, make available, reproduce, transmit, or communicate any Protected Materials, or any part or content thereof.

(6) "Attorney of Record" means the attorney of record for Plaintiffs and Defendants.

B. Any Protected Materials produced by the Producing Party shall be used solely for purposes of this litigation, including preparation, discovery, trial, filings or appeal.  Except by order of the court, Protected Materials shall not be used by any party other than the Producing Party for any other purpose, including without limitation, any business or commercial purpose.  In the event

Protected Materials are to be used at trial, the undersigned makes no ruling in this Order as to the conduct of the same.  Such matters shall be raised by motion prior to trial.

   C.  Protected materials shall not be disclosed to any person or entity except in accordance with the terms, conditions, and restrictions of this Order.

   D.  Subject to the terms, conditions, and restrictions of this Order, Protected Materials may be Disclosed only to the following persons:

    (1) Attorney of Record for Plaintiffs and Defendants;

    (2) Employees of the Attorney of Record for Plaintiffs and Defendants;

    (3) Testifying, non-testifying, disclosed, or undisclosed experts or consultants, and the employees or assistants thereof, that are not regular employees of a party to the extent the Attorney of Record for Plaintiffs or Defendants determines in good faith that such Disclosure is required and necessary to assist in the prosecution, defense or resolution of these actions on a need-to-know basis, provided that prior to any Disclosure, the Attorney of Record must obtain such person's agreement to the Non-Disclosure Agreement described in Paragraph E *infra*; or

    (4) Independent copying services or other independent litigation support services retained for purposes of this litigation by Plaintiffs and Defendants.

   E.  Before Disclosing any Protected Materials to any person specified in Paragraph D(3) above, the Attorney of Record shall advise said person of this Order and said person must agree in writing to the Non-Disclosure Agreement attached hereto as Exhibit A, which states that such person agree (i) to be bound by the terms hereof; (ii) to maintain and receive Protected Materials in confidence, and (iii) not to Disclose the received Protected Materials to anyone other than in accordance with the terms of this Order.  The Attorneys of Record shall maintain a file containing such certification.  Following the conclusion of the instant litigation, and any appeal therefrom, each party shall, upon request, forward those certifications to the Producing Party within ten (10) days of such request.

   F.  During a deposition, counsel for any party may exclude any person not entitled under this Order to receive Protected Materials when and only when such materials are being Disclosed or discussed.

   G.  By making any such Protected Materials available during the course of this

litigation, the Producing Party does not waive any trade secret or other confidential protection that might otherwise be afforded over those materials.  By designating any Protected Materials "Confidential," the Parties do not agree that any such Protected Materials are relevant to this action.

H.  If a party receiving Protected Materials desires to Disclose any part of them in any manner not in accordance with the terms of this Order, the party seeking to make such Disclosure shall obtain the written agreement of the Producing Party to so proceed, or in the absence of such agreement, shall seek the approval of this Court by filing a motion.

I.  This Order is without prejudice to any party's right to assert the attorney-client, work product or other privileges or doctrines.

J.  Nothing in this Order restricts or affects the rights of the Producing Party to use or disclose any Documents Produced by the Producing Party.

K.  Within thirty (30) days after the conclusion of this litigation and any related appeal, at the request of the Producing Party, the receiving party shall forward all executed Non-Disclosure Agreements to the Producing Party within thirty (30) days of receiving the request. Notwithstanding any request under this Paragraph, every party receiving Protected Materials, at its option, shall either (i) destroy all Protected Materials received, including any copies or reproductions thereof, and shall certify in writing that such destruction has occurred; or (ii) return all original Protected Materials, and any copies or reproductions thereof, to the Producing Party, and shall certify in writing that all such Protected Materials have been returned in their entirety within thirty (30) days after the conclusion of this litigation and any related appeals.

L.  This Order shall continue to be binding after the conclusion of this litigation.  The Court shall retain jurisdiction to enforce this Order.

**DONE AND ORDERED** this 29th day of May 2009.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NON-DISCLOSURE AGREEMENT</u>

I, _____, hereby certify my understanding that Protected Materials are being provided to me pursuant to the terms and restrictions of a Protective Order entered by the United States District Court for the Northern District of Florida, in connection with the consolidated actions titled <u>Rodney Istre, Glenwood Alexander, and Henry Pascley vs. Key Energy Services, Quantum Resources Management, Kelley Brothers Contractors, Dragon Rig Sales and Service, J.E. Shaffer Company, White Consulting Services, James Faust Consulting, Victoria Mechanical Services, Stewart and Stevenson Power Products, Wilson Manufacturing company, Crown Energy, and National Supply Company</u>, **Consolidated Case No. 3:08cv421/RS/EMT**.  I further certify that I have been provided a copy of and have read the Protective Order, and I hereby agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the terms and restrictions of the Protective Order.  I understand that violation of the Protective Order is punishable as contempt of court.

Dated this _____ day of _____ 2009.


_____
(Signature)


_____
(Printed Name)


**EXHIBIT A**